862 F.2d 320
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard G. EVANS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1323.
 United States Court of Appeals, Federal Circuit.
 Oct. 7, 1988.
 
 Before MARKEY, Chief Judge, and FRIEDMAN and PAULINE NEWMAN, Circuit Judges.
 MARKEY, Chief Judge.
 DECISION
 Evans appeals from a decision of the United States Claims Court, 14 Cl.Ct. 194 (Futey, J.) denying a motion for summary judgment and dismissing the complaint on a cross-motion for summary judgment by the United States. We affirm.
 OPINION
 The Claims Court correctly dismissed the complaint. It lacked Tucker Act jurisdiction because none of the allegedly violated regulations or statutes establishes that Evans had a substantive right to money damages.
 The Administratively Uncontrollable Overtime (AUO) statute, 5 U.S.C. Sec. 5545 (c)(2), in its use of "may" expressly places the determination of method of overtime compensation within the agency's discretion. Thus it is not a statute that mandates government compensation and is not an appropriate basis for Tucker Act relief. Notwithstanding the failure of the U.S. Marshals Service (USMS) to remove Deputy Marshals from the list of positions authorized for AUO in its Order 1551.1, its decision to eliminate AUO was properly implemented because USMS is a component bureau of Department of Justice and the latter's Order 1551.4A thus takes precedence.
 
 
 1
 Evans' constitutional challenges under the due process and equal protection clauses must also fail. Neither of those clauses mandates the payment of money by the United States. Nor does the general policy statement of equal pay for equal work in 5 U.S.C. Sec. 5301 mandate an overtime pay system.
 
 
 2
 Finally, the Claims Court correctly determined that Evans failed to show that the government's actions met the requirements for the creation of an estoppel.